IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LINDSEY LEA LESLIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-0304-CV-W-RED |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff Lindsey Lea Leslie ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability and disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge (the "ALJ").[1]

### BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

### LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## LEGAL ANALYSIS

Plaintiff raises one main challenge to the ALJ's determination that she is not disabled. Specifically, Plaintiff argues that the ALJ erred in weighing the opinion evidence in the record.

Plaintiff first argues that the ALJ erred by improperly discounting the opinion offered by her treating psychiatrist, Dr. Teresa Walker. However, Plaintiff notes that the ALJ largely incorporated many of the findings opined by Dr. Walker in the ALJ's RFC assessment. Thus, the only dispute is whether the ALJ erred in discounting Dr. Walker's opinion that she could not function outside a highly supportive living arrangement or that she would miss work approximately three days per month. The ALJ chose to discount these two findings because they relied "too heavily on [Plaintiff's] subjective complaints (Doc. 15).

Generally, "'a treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

3

evidence in [the] record.'" *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)). Also, in response to Plaintiff's repeated arguments that an ALJ cannot selectively choose from portions of medical opinions, the Court notes that the ALJ is under no obligation to "rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (internal citation and quotations omitted). Rather, it is the ALJ's role "to resolve conflicts among the various treating and examining physicians." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (internal citation and quotations omitted).

The Court finds that the ALJ did not err in discounting only two findings in Dr. Walker's opinion. As the Government notes, numerous medical records do not support Dr. Walker's conclusion that Plaintiff would be required to miss approximately three days per month, as there are several instances where, although she was experiencing symptoms, her symptoms improved when she was not under the influence of illegal drugs. *See* (Tr. 153-54, 196-97, 248, 268-71, 309). Moreover, Plaintiff does not cite to any evidence supporting her position that the ALJ erred in discounting Dr. Walker's finding. Finally, it is clear that Dr. Walker's treatment records relied heavily upon Plaintiff's subjective complaints. *See* (Tr. 360, 363, 368, 371, 382, 384, 389, 393).

With respect to whether Plaintiff could not function outside a highly supportive living arrangement, in addition to the reasons set forth above, also supporting the ALJ's decision is the fact the ALJ found that there was no evidence to support this determination in finding that Plaintiff does not have an impairment or combination of impairments qualifying as a listed impairment under the regulations. Plaintiff does not challenge this determination, and moreover, she had the burden at Step 3 to prove she has an impairment or combination of impairments equaling a listing, which she

4

does not allege she met.  It should also be noted that "[a] party's failure to raise or discuss an issue in [her] brief is to be deemed an abandonment of that issue." *Hacker v. Barnhart*, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (internal citation and quotations omitted).  Finally, other medical opinion evidence, such as Dr. Margaret Sullivan, undermine Dr. Walker's finding.  (Tr. 343).  As such, the Court finds that Plaintiff has failed to establish that this condition is met and that the ALJ committed error in discounting this finding by Dr. Walker.  Therefore, the ALJ did not err in discounting two findings opined by Dr. Walker.

Plaintiff's remaining challenges concern the weight assigned by the ALJ to: Fran Stous, a staff nurse practitioner, Judith Lilienthal, a licensed clinical social worker, and Dr. Sullivan.  Dr. Sullivan placed less significant limitations on Plaintiff than did Dr. Walker, and Ms. Stous placed more significant limitations on Plaintiff than did Dr. Walker.  The Court rejects Plaintiff's inconsistent arguments where on the one hand, she argues the ALJ should have given controlling weight to her treating psychiatrist Dr. Walker, but on the other hand argues the ALJ erred in not effectively discounting Dr. Walker's opinion and assigning more significant restrictions to Plaintiff's RFC.  The ALJ chose to give Dr. Walker's opinion significant weight, save for two exceptions.  Dr. Walker's opinion and Dr. Sullivan's opinion undermine Ms. Stous' opinion, as do numerous medical records in this case.  It is also clear that although the ALJ relied on Dr. Sullivan's opinion, the ALJ heavily relied on Dr. Walker's findings when determining Plaintiff's RFC.[2]  With respect to Ms.

---

[2]

In passing, Plaintiff questions the ALJ's reliance on Patrice Proehl's opinion as medical evidence, because she claims it is not clear whether Proehl is a medical consultant.  Proehl summarily opined that "[t]he claimant alleges a knee injury there is no medical evidence that substantiates this complaint.  Primary MDI methamphetamine dependence.  No impairments that significantly affect work capability with substance abuse factored out." (Tr. 333).  The Court rejects Plaintiff's argument because it does not appear that the ALJ believed Proehl was a medical

5

Case 4:11-cv-00304-RED   Document 12   Filed 06/11/12   Page 5 of 6

Lilienthal's opinion, it is clear she did not offer a definitive opinion as to Plaintiff's ability to maintain or perform work other than opining that Plaintiff continues to struggle because of her mental disorders. However, to the extent Ms. Lilienthal's opinion was inconsistent with the other medical evidence and opinion evidence in the record, the ALJ was responsible for weighing the evidence and for the reasons already discussed, the Court finds the ALJ committed no error in this regard. In summation, the Court finds Plaintiff's remaining challenges to the opinion evidence to be without merit.

## CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED: June 11, 2012        */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT

---

consultant, as he only referred to Proehl as an "examiner" and never referred to her as a doctor. Furthermore, even if the ALJ had improperly treated Proehl as a medical source, in this case remand would not be appropriate because Proehl's very brief and limited opinion, in light of the other medical opinions in the record, was not material to the ALJ's findings.

6